**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:    Steven J. Bushinsky, Esquire
         W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; TRUSTEES OF PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711, *Plaintiffs,*  v.  LJL WINDOWS, INC., *Defendant.* | Civil Action No.:  **COMPLAINT** |

Plaintiffs, Trustees of International Union of Painters and Allied Trades

District Council 711 Health & Welfare Fund, *et. al.*, by and through undersigned

counsel, state as follows:

## JURISDICTION AND VENUE

1.     The jurisdiction of this court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act ("LMRA"), and 29 U.S.C. §185; and 28 U.S.C. §1331.

2.     This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, the breach of a Collective Bargaining Agreement took place in New Jersey, and Defendant maintained or maintains a principal place of business in the State of New Jersey.

3.     A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4.     Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund ("Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement(s) ("CBA") in accordance with Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5).  The Health

2

Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA 29 U.S.C. §1002(37).

5. Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund ("Vacation Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBAs in accordance with section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Vacation Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. §1002(37).

6. Plaintiffs, Trustees of Painters District Council 711 Finishing Trades Institute ("FTI") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBAs in accordance with section 302 (c)(5) of LMRA, 29 U.S.C. §186(c)(5). The FTI is an employee benefit plan within the meaning of Section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3 (37) of ERISA 29 U.S.C. §1002(37).

7. Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund; and Trustees of

3

Painters District Council 711 Finishing Trades Institute (collectively "Funds")
maintain their principal place of business at 27 Roland Ave, Suite 200, Mt. Laurel,
New Jersey 08054.

8.      The Funds are also the collecting agent for Labor Management
Cooperation Initiative ("LMCI"), National Finishing Trades Institute of New
Jersey ("N-FTI"), Industry Advancement Fund ("IAF"), Safety Training
Recognition Awards Program ("STARS"), and the Political Action Committee
("PAC").

9.      The Funds are authorized to sue in their own names pursuant to
Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

10.     The Trustees of the Funds are fiduciaries within the meaning of
Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

11.     The Trustees bring this action on behalf of the Funds, committee
members, participants and beneficiaries pursuant to Section 502 of ERISA, 29
U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12.     Plaintiff International Union of Painters and Allied Trades District
Council 711 (the "Union") brings this action for dues check-offs and other
contributions owed pursuant to the collective bargaining agreement.

13.     The Union is a labor organization within the meaning of Section 301
of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4),

4

and represents employees in an industry affecting commerce.

14.   The Union maintains it principal place of business at 9 Fadem Road, Springfield, New Jersey 07081.

15.   Defendant, LJL Windows, Inc. ("LJL"), is referred to as "Defendant" or "employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively and was or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

16.   Upon information and belief, Defendant LJL maintained or maintains its principal place of business at 2 Pin Oak Road, Englishtown, New Jersey 07726.

17.   Defendant LJL conducted or conducts business in the State of New Jersey.

## FACTS

18.   At all times relevant hereto, Defendant LJL was party to or agreed to abide by the terms and conditions of a CBA with one or more local labor unions or district councils affiliated with the Union.

19.   At all times relevant hereto, Defendant LJL also signed or agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Funds.  The Trust Agreements set forth the rules and regulations with respect to participation in and administration of the Funds.

20. Under the CBA, Trust Agreements, and in accordance with federal law and administrative regulations, Defendant LJL agreed:

a. To timely remit fringe benefit contributions to the Funds as required by the CBA(s) on behalf of their eligible employees who were employed on projects within the State of New Jersey;

b. To submit monthly remittance reports to the Funds detailing all employees who worked in a given period of time and the amount of contributions to be remitted on behalf of said employee;

c. To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of Defendant LJL's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements;

d. To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Defendant LJL's failure to comply with its contractual and statutory obligations; and

e. To pay wages, dues and PAC contributions and other amounts withheld from employee pay in accordance with the terms of the CBA(s).

21. Beginning in or about June 19, 2019, the Funds' auditor, Novak Francella, LLC, attempted to perform a payroll compliance audit for Defendant LJL,

6

but Defendant LJL failed to comply with the audit requests, refused to provide the Plaintiffs with any relevant business records, and have otherwise concealed and obstructed discovery.

22.    Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency, since the financial documents, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Defendant. Defendant LJL has failed in their self-reporting contractual duties.

## COUNT ONE

23.    The Funds incorporate the allegations in Paragraphs 1 through 22 of this Complaint as if set forth herein in their entirety.

24.    Defendant LJL is required by the controlling CBA(s), Trust Agreements, plan documents of the ERISA Funds and applicable federal law to permit the Funds to audit their records, to cooperate in determining the contributions due to the Funds, and to pay the cost of the audit if found to be delinquent.

25.    The amount of fringe benefit contributions that Defendant LJL is required to pay to the Funds is based upon the number of hours worked by and paid to employees who perform work that is governed by the terms of the applicable CBA.

7

26. The Funds are without sufficient information or knowledge to plead the precise nature, extent, or amount of Defendant LJL's delinquency because the books, records, and information necessary to determine this liability are in the exclusive possession, custody, control, and knowledge of Defendant LJL.

27. The Funds and their fiduciaries or officers are adversely affected or damaged by the lack of an audit as, among other things, they have a fiduciary duty to audit, confirm amounts due, and collect amounts owed, from contributing employers, such as Defendant LJL.

28. The Funds and their fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of this breach can only be ascertained from an audit of Defendant LJL.

**WHEREFORE**, the Funds respectfully request the following relief:

a. Order Defendant LJL, their officers, agents, servants, employees, attorneys and all others, to permit an audit of all records under the actual or constructive control of Defendant LJL, and in the absence of such records, to cooperate in alternative methods for the determination of work for which contributions are due; and

b. Grant any such other and further relief as this Court may deem equitable, just and appropriate.

8

## COUNT TWO

29. The Funds incorporate the allegations in Paragraphs 1 through 28 of this Complaint as if set forth herein in their entirety.

30. On information and belief, the Defendant LJL has failed to make fringe benefit contributions to the Plaintiffs as required by the CBA and Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

31. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant LJL's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Defendant LJL.

32. On information and belief, the Plaintiffs have been damaged by the failure of Defendant LJL to make contributions as required by its CBAs and Trust Agreements.

**WHEREFORE**, the Funds respectfully request the following relief:

a. After an audit has been performed, enter judgment against Defendant LJL in favor of the Funds for the contributions found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages of up to twenty percent (20%) of the unpaid contributions, the cost of the audit, and

9

reasonable attorneys' fees and costs incurred in this action and in connection with
any proceedings to enforce or collect any judgment; and

      b.     Grant any such other and further relief as this Court may deem
equitable, just and appropriate.

## COUNT THREE

33.    The Funds incorporate the allegations of paragraphs 1 through 32 of the
Complaint as if set forth herein in their entirety.

34.    On information and belief, Defendant LJL has failed to remit dues
check-offs to Plaintiff Union as required by the CBA in a period not barred by any
applicable statute of limitations or similar bar.

35.    The Plaintiff Union is without sufficient information or knowledge to
plead the precise nature, extent and amount of the dues owed by Defendant LJL
since the books, records and information necessary to determine this liability are in
the possession, control or knowledge of Defendant LJL.

36.    Plaintiff Union is adversely affected or damaged as a proximate result
of Defendant LJL's breach of the CBA and the documents incorporated therein,
with respect to any amounts that are found to be due and owing to Plaintiff Union.

**WHEREFORE**, the Funds respectfully request the following relief:

      a.     After an audit has been performed, enter judgment against
Defendant LJL in favor of Plaintiff Unions for the dues found to be due and owing by

10

the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the

due date for payment until the date of actual payment, liquidated damages of up to

twenty percent (20%) of the unpaid contributions, the cost of the audit, and

reasonable attorneys' fees and costs incurred in this action and in connection with

any proceedings to enforce or collect any judgment pursuant to §515 of ERISA, 29

U.S.C. §1132(g)(2); and

> b. Grant any such other and further relief as this Court may deem
equitable, just and appropriate.

## COUNT FOUR

37. The Funds incorporate the allegations of paragraphs 1 through 36 of the

Complaint as if set forth herein in their entirety.

38. A money judgment or other remedy available at law is inadequate

because Defendant LJL has shown their disregard of their contractual and legal

obligations by their refusal to permit an audit, a consistent pattern of delinquencies

and other acts.

39. Unless ordered otherwise by this Court, Defendant LJL will continue

their conduct in violation of the CBA and, as a result, fail to remit contributions

owed, and Plaintiff Funds and their participants will be irreparably damaged.

40. All other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Plaintiff Funds ask that the Court:

11

a.     Permanently restrain and enjoin Defendant LJL, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from continuing to violate the terms of the current CBA between Defendant LJL and Plaintiff Union and from violating such other CBAs as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiff Funds and Union for so long as Defendant LJL is contractually required to do so; and

b.     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____

Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire
509 S. Lenola Road, Building 6
Moorestown, NJ 08057
856-795-2181/Fax: 856-581-4214
dfeehan@obbblaw.com

Dated: March 3 , 2020