UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES OF INTERNATIONAL UNION :
OF PAINTERS AND ALLIED TRADES :
DISTRICT COUNCIL 711 :
HEALTH & WELFARE FUND, et. al., :
        Plaintiff, :      Civil Action No. 20-2331(FLW)
:
   v. :
:      **ORDER and JUDGMENT**
LJL WINDOWS, INC., :
:
        Defendant. :
:

**THIS MATTER** having been opened to the Court by Steven J. Bushinky, Esq., counsel for plaintiffs Trustees of International Union of Painters and Allied Trades District Council 711 Health and Welfare Fund; International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund; International Union Of Painters and Allied Trades District Council 711 Vacation Fund; Painters District Council 711 Finishing Trades Institute; International Union of Painters and Allied Trades District Council 711 (collectively, "Plaintiffs"), on a motion for default judgment against LJL Windows, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 55(b); it appearing that Defendant failed to answer or otherwise respond to the Complaint after having been properly served, and consequently, default was entered against Defendant by the Clerk's Office on August 10, 2020, and on December 10, 2020, Plaintiff filed the instant motion for default judgment; it further appearing that Defendant, having been served with the instant motion, has not opposed the motion or otherwise responded to this lawsuit; the Court, having reviewed Plaintiff's submissions, makes the following findings:

(1)     In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under

1

Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.* The Third Circuit has explained that while the entry of default judgment "is largely within a district court's discretion, three factors control this determination: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

(2) Here, all factors weigh in favor of granting default judgment against Defendant. First, Plaintiffs have been prejudiced because Defendant failed to timely respond to the Complaint and Summons. *See Peterson v. Boyarsky Corp.*, No. 08–1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant]."). Second, the facts alleged in the Amended Complaint provide no indication of a meritorious defense. "Indeed, as some courts have noted, the [d]efendant's failure to answer makes it practically impossible for the Court 'to determine whether [the Defendant has] a meritorious defense….'" *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (citation omitted). Third, a "[d]efendant is also presumed culpable where it has failed

2

|     |     |
| --- | --- |
|     | to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted).  Here, since Defendant has not timely responded to any of the pleadings over the course of the litigation, the presumption of culpability applies. *See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012). |
| (3) | Further, an entry of default judgment is appropriate because Plaintiff's allegations in the Complaint, taken as true, state a cause of action for breach of a collective bargaining agreement and failure to make required contributions under the Employee Retirement Income Security Act ("ERISA").  Plaintiffs are the employees and employee trustees of labor-management trust funds and have brought this action to recover contributions owed to them by Defendant pursuant to a collective bargaining agreement ("CBA").  *See* ECF No. 1, Compl., ¶¶4-7.  In the CBA Defendant agreed, among other things, to remit fringe benefit contributions, wage, and dues to Plaintiffs. *Id*. at ¶19.  The contributions payable by Defendants are based upon the hours worked by and the wages due to each of the covered employees. *Id*. at ¶20.  In or about June 2019, Plaintiffs' auditor attempted to perform a payroll compliance audit of Defendant's records, but Defendant refused to comply with the request, or provide Plaintiffs with any of the relevant business records. *Id*. at ¶21.  As a result, Plaintiffs filed the instant action seeking to enforce the provisions of the CBA that require Defendant to cooperate in determining the amount of the outstanding contributions owed and to pay the costs of an audit if Defendant is found to be delinquent.  Plaintiffs assert that they are "without sufficient information or knowledge to plead the precise nature, extent and amount" of Defendant's delinquency, because the books, records |

|     |     |
| --- | --- |
|     | and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Defendant. *Id*. at ¶22. Plaintiffs request that this Court compel Defendant to cooperate with a payroll audit, and retain jurisdiction to enter judgment ordering payment of all unpaid contributions revealed by the payroll audit, as well as interests and liquidated damages, and attorneys fees in the amount of $1,681.07. *See* ECF No. 10, Mot. for Default Judgement. |
| (4) | To establish a claim for breach of contract under New Jersey law, a plaintiff must allege that (1) there is a contract between the parties; (2) the contract was breached; (3) the breach caused damages; and (4) the party stating the claim performed its own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Taking Plaintiffs' allegations as true, they have fully performed their obligations, and Defendant has failed to fulfill its reporting obligations under the CBA. |
| (5) | Moreover, ERISA provides that an employer obligated to make contributions to a multiemployer plan under the terms of a CBA, must make those contributions in accordance with the terms and conditions of the agreement. 29 U.S.C. § 1145. A plan fiduciary is permitted to sue an employer who fails to make such required contributions. 29 U.S.C. § 1132(a). If judgment in favor of the plan is awarded, the court must award the plan: "(A) the unpaid contributions (B) interest on the unpaid contributions,(C) an amount to the greater of— (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or |

(6)     ERISA instructs that a court may grant a plan fiduciary "other legal or equitable relief as [it] deems appropriate." 29 U.S.C. § 1132(g)(2)(E). Indeed, courts have held that a court-ordered audit is a permissible form of equitable relief if it is provided for in the ERISA-trust documents. *Int'l Union of Operating Engineers of E. Pennsylvania & Delaware Benefit Pension Fund v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 867 (E.D. Pa. 2015) (granting motion for default judgment and ordering defendant to submit to court-ordered payroll audit). Here, Plaintiffs have shown that Defendant "is required by the controlling CBA(s), Trust Agreements, plan documents of the ERISA Funds and applicable federal law to permit the Funds to audit their records." Compl. ¶24. Accordingly, the Court finds that ordering the payment of attorney's fees and costs accrued thus far, along with an audit of Defendant's payroll records, is appropriate.

equitable relief as the court deems appropriate.   Interest is determined using the rate provided for by the plan, or if none, a statutory rate." *Id.*

Accordingly, the Court having reviewed Plaintiff's submissions in connection with the pending motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 21st day of April, 2021,

**ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**; and it is further

**ORDERED** that Defendant is ordered to comply with its obligations under the relevant CBA and submit to an audit within 14 days; and it is further

**ORDERED** that upon completion of the audit, Plaintiffs shall advise Defendant of the amount due for past due contributions, plus interest and liquid damages as provided for CBAt and 29 U.S.C. §1132(g); and it is further

**ORDERED** that within 14 days of receiving the audit results, Defendant shall remit the amount due; and in the event Defendant fails to make payment, Plaintiffs may seek a court order for all contributions, interest, and liquidated damages, as well as an application for fees and costs; and it is further

**ORDERED** that attorney's fees and costs in the amount of $1,687.07 are awarded to Plaintiffs.

/s/  Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge